**STATE of Missouri, Plaintiff–Respondent,**

v.

**Joseph N. PORTELL, Defendant–Appellant.**

**No. 73326.**

Missouri Court of Appeals,
Eastern District,
Hillsboro Division.

Oct. 6, 1998.

Hollingsworth & Riehl, Brunson Hollingsworth, Hillsboro, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

Before GARY M. GAERTNER, P.J. and HOFF and JAMES R. DOWD, JJ.

ORDER

PER CURIAM.

Joseph N. Portell (Defendant) appeals the judgment entered upon his conviction by a jury of production of a controlled substance, Section 195.211 RSMo 1994.

In this direct appeal, Defendant seeks plain error review of a claim that his trial counsel was ineffective. Defendant cannot raise a claim of ineffective assistance of counsel in a direct appeal. *State v. Kezer,* 918 S.W.2d 874, 877 (Mo.App. E.D.1996). Rather, Rule 29.15 provides the "exclusive procedure" by which Defendant may seek relief on this claim. Rule 29.15(a). Therefore, we do

not review Defendant's claim of ineffective assistance of trial counsel.

In his other points, Defendant raises several evidentiary issues that are subject to plain error review only. "Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 29.12(b).

We have reviewed the briefs of the parties, the legal file and the record on appeal and find no manifest injustice or miscarriage of justice regarding the points subject to plain error review. An extended opinion reciting the detailed facts and restating the principles of law would have no precedential value. The trial court's judgment is affirmed in accordance with Rule 30.25(b).